**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 04-4229**

_____

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

CHARLES JAMAL HUGGINS, a/k/a Mal,

                                        Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(CR-02-208)

_____

Submitted:  March 29, 2006          Decided:  April 20, 2006

_____

Before TRAXLER, KING, and SHEDD, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per
curiam opinion.

_____

D. Craig Brown, Florence, South Carolina, for Appellant. Alfred
William Walker Bethea, Jr., Assistant United States Attorney,
Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Charles Jamal Huggins pled guilty to conspiracy to possess with intent to distribute and to distribute fifty grams or more of cocaine base crack. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), alleging that there are no meritorious issues on appeal but raising as potential issues whether the magistrate judge conducted Huggins's guilty plea hearing in compliance with Fed. R. Crim. P. 11, and challenging some of Huggins's sentencing enhancements in light of Blakely v. Washington, 542 U.S. 296 (2004). For the reasons that follow, we affirm Huggins's conviction, but vacate and remand for resentencing.

We agree with counsel that Huggins's guilty plea was conducted in compliance with Fed. R. Crim. P. 11 and that his conviction is otherwise proper. The Supreme Court's decision in Blakely, however, has now been extended to the Federal Sentencing Guidelines in United States v. Booker, 543 U.S. 220 (2005). In Booker, the Supreme Court held that the mandatory manner in which the Sentencing Guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. 543 U.S. at 244-45 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by making the Guidelines advisory through the removal of two statutory provisions that had rendered them

- 2 -

mandatory.  <u>Id.</u> at 233 (Stevens, J., opinion of the Court), 245-46 (Breyer, J., opinion of the Court).

Because Huggins did not raise a Sixth Amendment issue in the district court, we review for plain error.  <u>United States v. Hughes</u>, 401 F.3d 540, 547 (4th Cir. 2005).  To demonstrate plain error, Huggins must establish that error occurred, that it was plain, and that it affected his substantial rights.  <u>Id.</u> at 547-48. If a defendant satisfies these requirements, our "discretion is appropriately exercised only when failure to do so would result in a miscarriage of justice, such as when the defendant is actually innocent or the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  <u>Id.</u> at 555 (internal quotation marks and citation omitted).

Here, the district court sentenced Huggins under the then mandatory Federal Sentencing Guidelines by determining that he was responsible for three kilograms of crack, under <u>U.S. Sentencing Guidelines Manual</u> § 2D1.1(c)(1) (2002), giving him a base offense level of 38.  Without the additional drug weight finding, Huggins's base offense level for the fifty grams to which he pled guilty would have been 32, under USSG § 2D1.1(c)(4), giving him a sentencing range of 121 to 151 months.  The court also increased Huggins's base offense level by two for obstruction of justice, under USSG § 3C1.1, but lowered his offense level by two under the safety valve provision, USSG §§ 2D1.1(b)(5), 5C1.2.  This gave

Huggins a total offense level of 38, which, with his criminal history category of I, yielded a sentencing range of 235 to 293 months. The court sentenced Huggins within this range to a 240-month term of imprisonment. This term exceeds the sentencing range of 121 to 151 months within which Huggins could have been sentenced based solely on his admitted conduct. USSG § 2D1.1(c)(4). In light of Booker and Hughes, we find that the district court's plain error in sentencing Huggins based on facts found by the court affects his substantial rights and warrants correction.[1]

In accordance with Anders, we have reviewed the entire record in this case for any other meritorious issues on appeal, including the issues raised in Huggins's pro se supplemental brief, and have found none. Accordingly, although we affirm the conviction, we vacate the sentence and remand for resentencing.[2]

---

[1]Just as we noted in Hughes, "[w]e of course offer no criticism of the district court judge, who followed the law and procedure in effect at the time" of Huggins's sentencing. Hughes, 401 F.3d at 545 n.4. See generally Johnson v. United States, 520 U.S. 461, 468 (1997) (stating that an error is "plain" if "the law at the time of trial was settled and clearly contrary to the law at the time of appeal").

[2]Although the Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 543 U.S. at 264 (Breyer, J., opinion of the Court). On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and then impose a

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART, AND REMANDED

---

sentence. Hughes, 401 F.3d at 546. If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C.A. § 3553(c)(2) (West 2000 & Supp. 2005). Hughes, 401 F.3d at 546. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 547.